IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION


JOHN L. MOORE, JR.                                                    PLAINTIFF


V.                                                    CIV. ACTION NO. 2:10cv10-GHD-DAS


MARY ANN WEST, CAROL E.
COOPER, GENUINE TITLE, LLC,
CHASE MANHATTAN BANK NA,
AND NATIONWIDE TRUSTEE SERVICES, INC.                              DEFENDANTS


OPINION DENYING MOTION TO REMAND

Presently before the Court is the Plaintiff John L. Moore, Jr.'s motion to remand the

action to State court based on lack of complete diversity of citizenship. After reviewing the

motion, response, reply, rules, and authorities, the Court makes the following findings:

*A. Factual and Procedural Background*

On November 25, 1997, Thomas H. Pearson (hereinafter "Pearson") gave a Deed of Trust

(hereinafter "Pearson Deed of Trust") on 111 Leflore, Clarksdale, Mississippi (hereinafter the

"Property"), in favor of Anna Gaston Cooper. The Pearson Deed of Trust was assigned to Felix

K. West, Mary Ann C. West, Charles G. Cooper and Carol Edgerton Cooper as beneficiaries on

April 29, 1986 and recorded in Book 851 at Page 224 in the Coahoma County, Mississippi

Chancery Court records. The Pearson Deed of Trust was a twenty-year obligation and was paid

in full in 1997, prior to its maturity date. However, the Pearson Deed of Trust was never

released in the Coahoma County, Mississippi Chancery Court records. Felix K. West and

Charles G. Cooper are both deceased.

Plaintiff purchased the Property located at 111 Leflore, Clarksdale, Mississippi, from Pearson and received a Warranty Deed dated December 28, 1990, which is recorded in the Coahoma County, Mississippi Chancery Court records in Book 642 at Page 763.

In 2007, Plaintiff refinanced the Property with Chase Manhattan Bank (hereinafter "Chase") and received a title insurance policy on the Property from Genuine Title, LLC. Genuine Title, LLC provided a title commitment on the Property which did not list the Pearson Deed of Trust as an exception to the title. Chase is the current beneficiary of the Deed of Trust on the Property with Nationwide Trustee Services, Inc. (hereinafter "Nationwide") as its Successor Trustee.

Nationwide, as trustee and agent for Chase, has refused to accept a deed-in-lieu of foreclosure from Plaintiff because of the Pearson Deed of Trust. On September 30, 2009, Mary Ann C. West filed an Affidavit in the Coahoma County, Mississippi Chancery Court records at Book 2009 at Page 3891 stating that the Pearson Deed of Trust had been paid off and that it was an oversight that a release was not filed. Even after Ms. West filed the affidavit, Nationwide, as trustee and agent for Chase, has continued to refuse to accept a deed-in-lieu of foreclosure due to the Pearson Deed of Trust.

Therefore, on December 17, 2009, Plaintiff, John L. Moore, Jr (hereinafter "Plaintiff") filed the present quiet title action pursuant to Mississippi Code Annotated § 11-17-31 (2010), in the Chancery Court of Coahoma County, Mississippi, against Defendants Mary Ann C. West, Carol E. Cooper, Genuine Title, LLC, Chase Manhattan Bank NA and Nationwide Trustee Services, Inc.

On January 27, 2010, Defendant Nationwide filed its Notice of Removal with this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, claiming that Mary Ann West, the only defendant who resides in Mississippi, was fraudulently joined solely to defeat diversity jurisdiction.

On February 1, 2010, Plaintiff filed the present Motion to Remand stating Ms. West is a citizen of Mississippi who was not fraudulently joined and therefore, there is a lack of complete diversity. Plaintiff concedes that the amount in controversy exceeds $75,000.00.

On March 10, 2010, Defendant Nationwide filed its Amended Notice of Removal against alleging that Ms. West is fraudulently joined, or in the alternative, a nominal party whose citizenship cannot be considered for diversity purposes.

### B. Standard for Remand

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states . . .." 28 U.S.C. § 1332(a); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "The removing party bears the heavy burden of proving that non-diverse defendants have been fraudulently joined to defeat diversity, either by showing that (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts, or (2) there is no possibility that the plaintiff

would be able to establish a cause of action against the non-diverse defendants in state court." *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

Here, Defendant Nationwide first alleges that the requirements for diversity jurisdiction are satisfied due to Mary Ann West's fraudulent joinder. Defendant Nationwide next alleges that Ms. West is a nominal party and therefore her citizenship is not considered. The Plaintiff asserts, however, that diversity jurisdiction does not exist because Defendant Nationwide has not proven Ms. West was fraudulently joined and Ms. West is a necessary party whose citizenship must be considered.

For the reasons set forth below, the Defendant has met its burden of establishing the existence of federal question jurisdiction, and the Plaintiff's motion to remand this cause shall therefore be denied.

### C. Complete Diversity

Defendant Nationwide asserts that the Plaintiff fraudulently joined the Defendant Mary Ann C. West in order to defeat diversity jurisdiction. However, Defendant Nationwide did not allege any specific fraud or fraudulent activity on the part of Plaintiff in its notice of removal which is required under *Burden*. *Burden*, 60 F.3d at 217.

"If the plaintiff has any possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law." *Burden*, 60 F.3d at 216 (citing *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)). Therefore, under *Burden*, Defendant Nationwide must prove "there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court". *Burden*, 60 F.3d at 217.

Plaintiff filed this action to remove the cloud on the title pursuant to Mississippi Code Annotated section 11-17-31, which states:

> When a person not the rightful owner of any real estate, shall have any conveyance or other evidence of title thereto, or shall assert any claim, or pretend to have any right of title thereto, which may cast doubt, or suspicion on the title of the real owner, such real owner may file a bill in the chancery court to have such conveyance or other evidence or claim of title cancelled, and such cloud, doubt or suspicion removed from said title....

Miss. Code Ann. § 11-17-31 (2010).

Under the Mississippi Code, the Pearson Deed of Trust is a cloud on the title of the Plaintiff's property. Thus, an action to quiet title is available to the Plaintiff against Defendants West and Cooper as the beneficiaries of the Pearson Deed of Trust. Plaintiff asserts that Defendant West is an indispensable party to this quiet title action since the entire matter derives directly from the Pearson Deed of Trust making her joinder proper.

Defendant Nationwide does not argue that Defendant West is an improper party to the suit but that Defendant West is a nominal party to the action. On September 30, 2009, Mary Ann C. West filed an Affidavit in the Coahoma County, Mississippi Chancery Court records at Book 2009 at Page 3891 stating that the Pearson Deed of Trust has been satisfied. Plaintiff, in the Complaint states, "No personal claim is made herein against Defendants West and Cooper except such Defendants as may defend this action." In essence, if Defendants West and Cooper do not contest that the Pearson Deed of Trust has been satisfied, Plaintiff is not making any personal claim against them. Defendant West signed and filed an affidavit prior to Plaintiff filing suit stating the Pearson Deed of Trust has been satisfied and therefore has no real interest in the title dispute. The Court finds due to the fact Plaintiff is merely attempting to have the Pearson Deed

of Trust removed as a cloud on the title of the Property and Defendant West does not dispute title lies solely in the Plaintiff, Plaintiff will be unable to recover from Defendant West.

For the reasons stated above, the record shows there is no real dispute between the Plaintiff and Defendant West. "The 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460, 100 S. Ct. 1779, 1781-82, 64 L. Ed. 2d 425 (1980) (citations omitted)). Therefore, the Court is of the opinion Defendant West is a nominal party to this action.

In *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980), the United States Supreme Court stated, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro*, 446 U.S. at 461, 100 S. Ct. at 1782 (citations omitted). Accordingly, as a nominal party, the citizenship of Defendant West is not considered for diversity purposes. Therefore, the Court finds Plaintiff's motion for remand shall be denied.

### D. Conclusion

In sum, the Court finds that Defendant West is a nominal party to this action and therefore her citizenship is not considered for diversity purposes. As such, there is complete diversity among the real parties to the controversy, and the Court possesses jurisdiction to adjudicate this cause. Therefore, Plaintiff's motion to remand shall be DENIED.

A separate order in accordance with this opinion shall issue this day.

This the 10 day of June, 2010.

_____
Senior Judge